'10 - CV - 02037

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Criminal Action No. 08-cr-00078-WDM

UNITED STATES OF AMERICA,

v.

DAWAUNE LATIEFTH ELLIS,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 4 2010

GREGORY C. LANGHAM
CLERK

## ORDER

This matter is before the Court on four pending motions filed *pro se* by Defendant in this criminal case. In the first motion (docket #14), which was filed on January 13, 2010, Defendant seeks the immediate removal of a federal detainer and he specifically cites 28 U.S.C. § 2241 in the motion. On August 9, 2010, Defendant filed a motion (docket #15) seeking an immediate probation violation revocation hearing that also includes a citation to 28 U.S.C. § 2241 and he filed another motion (docket #16) seeking the immediate removal or disposition of a federal detainer. On August 12, 2010, Defendant filed a motion (docket #17) seeking to initiate a habeas corpus proceeding. None of the motions relates to the validity of Defendant's conviction or sentence in this criminal action. However, the motions were filed in Defendant's criminal case because he listed his criminal case number in the caption of each motion.

Defendant is an inmate in the custody of the Colorado Department of Corrections. By way of background, Defendant was convicted of international drug trafficking in Panama and he was sentenced to serve eight years in prison. Defendant

subsequently was released on supervised release and jurisdiction over his supervised release was transferred to the District of Colorado. The notice of transfer of jurisdiction over supervised release was filed in this Court on February 22, 2008. On November 20, 2009, Defendant filed a motion pursuant to 28 U.S.C. § 2255 challenging a federal detainer. On December 1, 2009, the Court entered an order denying the § 2255 motion because Defendant's claims challenging the federal detainer and the execution of his federal sentence properly should be raised in an application for a writ of habeas corpus pursuant to § 2241.

It appears that Defendant has filed the motions now before the Court in an effort to initiate a habeas corpus action pursuant to § 2241 and that is how the Court construes the pending motions. However, Defendant may not seek habeas corpus relief pursuant to § 2241 in this criminal action; he must pursue his habeas corpus claims in a separate civil action. Therefore, the clerk of the Court will be directed to transfer the four pending motions out of this criminal case and file them, together with a copy of this order, in a new civil action pursuant to 28 U.S.C. § 2241. The clerk of the Court will assign a separate civil action number to the new § 2241 habeas corpus case and any documents Defendant seeks to file that relate to his § 2241 habeas corpus claims must be filed in the new civil action. Accordingly, it is

ORDERED that the clerk of the Court transfer the four pending motions (docket #14, #15, #16, and #17) out of this criminal case and file those motions, together with a

copy of this order, in a new civil action pursuant to 28 U.S.C. § 2241.

DATED at Denver, Colorado, this 24th day of August, 2010.

BY THE COURT:

WALKER D. MILLER, Senior Judge
United States District Court