IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02037-ZLW

DAWAUNE LATIEFTH ELLIS,

Applicant,

v.

THE UNITED STATES OF AMERICA,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 9 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

On October 28, 2010, Applicant, Dawaune Latiefth Ellis, filed a *pro se* letter to the Court seeking reconsideration of the dismissal of the instant action. The Court must construe Mr. Ellis' filings liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the letter will be construed as a motion to reconsider, and the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. **See** Fed. R. Civ. P. 59(e). The Court will consider Mr. Ellis's motion to reconsider pursuant to Rule 59(e) because it was filed

within twenty-eight days after the judgment was entered in this action on October 21, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

On October 21, the Court dismissed the action without prejudice pursuant to Fed. R. Civ. P. 41(b) for Applicant's failure to cure the designated deficiencies by filing on the proper, Court-approved forms an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 naming as Respondent his current custodian and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action together with a certified copy of his trust fund account statement. Because Mr. Ellis failed, within the time allowed, to cure the designated deficiencies or otherwise communicate with the Court in any way, the action was dismissed. The October 21 dismissal order discusses the reasons for the dismissal in greater detail.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Ellis fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Ellis fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court

of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the letter that Applicant, Dawaune Latiefth Ellis, filed *pro se* on October 28, 2010, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  8th  day of  November , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02037-ZLW

Dawaune L. Ellis
Reg No. 96703-007
Fort Lyon Corr. Facility
P.O. Box 1000
Fort Lyon, CO 81038

        I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/9/10

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                    Deputy Clerk